# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA MADRIGAL,<br><br>  Plaintiff,<br>vs.<br>WELLS FARGO BANK, et. al.,<br><br>  Defendants. | CASE NO. 16cv2514-LAB (JMA)<br><br>**ORDER OF REMAND** |

Susana Madrigal sued Clear Recon and Wells Fargo in state court for claims related to the foreclosure of her home. Madrigal and Clear Recon are both California citizens.[1] Despite the conspicuous lack of diversity, Wells Fargo removed the action to federal court. The bank's argument boils down to this: the Court should ignore Clear Recon's citizenship because Madrigal doesn't *really* have any legal claims against the company—she just added Clear Recon to the action to avoid a federal forum. The Court disagrees.

## Background

About ten years ago, Madrigal obtained a loan secured by a deed of trust to her home in Oceanside, California. Wells Fargo eventually became the lender and Clear Recon became the trustee. The complaint is short on plot, but suffice it to say that a few years in, Madrigal couldn't make her loan payments. Sometime after, she says Clear Recon conducted a "sham Trustee Sale in which it 'sold'" her home to Wells Fargo.

---

[1] Despite Wells Fargo's 853 banks in California, the bank is only a citizen of South Dakota, the site of its "main office." *Rouse v. Wachovia*, 747 F.3d 707 (9th Cir. 2014); *see* https://www.wellsfargo.com/locator/#ca.

- 1 -

Madrigal sued Clear Recon and Wells Fargo for state law claims: breach of contract and good faith, unfair business practices, and violations of the Perata Mortgage Relief Act. She requested damages and injunctive relief. The amount in controversy isn't an issue. The Court only needs to decide if complete diversity exists.[2]

**Legal Standard**

Out-of-state citizens don't have to defend lawsuits in state court: they can move the battle to a federal field to allay their concerns that the "state courts might favor" the "home-state litigants." *Exxon Mobil Corp. v. Allapattah*, 545 U.S. 546, 553–54 (2005). But defendants may only remove if they can show that the federal court would have had original jurisdiction. 28 U.S.C. § 1441. Removal based on diversity requires that no plaintiff or defendant share the same citizenship. 28 U.S.C. § 1332. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

**Analysis**

**A.  Nominal Party**

Courts ignore the citizenship of nominal parties; that is, parties that aren't true adversaries because they have "nothing at stake" in the litigation. *Strotek Corp. v. Air Transp. Ass'n.*, 300 F.3d 1129, 1133 (9th Cir. 2002). Trustees often qualify as nominal parties because they act as neutral middlemen between lenders and borrowers. But sometimes, as Wells Fargo admits, trustees aren't nominal parties—like when a homeowner thinks a trustee did something wrong during a foreclosure sale.[3]

That's the case here: "Plaintiff sued Defendant CLEAR RECON for wrongful conduct, acts and omissions for which Plaintiff believes these Defendants are responsible."[4] Specifically, Madrigal blames Clear Recon for failing to comply with a covenant in the Deed of Trust, filing outdated declarations that contained "false statements," recording a "defective

---

[2] The Court takes judicial notice of Madrigal's Opposition to Clear Recon's Declaration of Non-Monetary Status. Dkt. 4-4 Ex. 1.

[3] Opposition, Dkt. 7 at 4.

[4] Dkt. 4-4, Ex. 1.

Notice of Default," and "acting in concert" with Wells Fargo to conduct a "sham Trustee sale."[5] Those claims may not pan out. But Madrigal's not suing Clear Recon in name only—she's accusing the trustee of serious wrongdoing.

### B. Fraudulent Joinder

Wells Fargo also argues that Madrigal fraudulently joined Clear Recon, so the Court shouldn't consider the trustee's citizenship. "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious* according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987) (emphasis added). Wells Fargo fails to convince the Court that it's *obvious* Madrigal has no claims against Clear Recon.

Wells Fargo argues that Clear Recon "literally had no involvement with the Notice of Default" or the "preforeclosure contacts" with Madrigal. Those assertions may prove true. But Madrigal says Clear Recon *did* play a role—filing false documents and conducting a sham foreclosure sale. And Wells Fargo admits in its notice of removal that Clear Recon was "responsible for recording foreclosure documents and conducting the trustee's sale."[6] At this stage, the Court accepts Madrigal's allegations as true.[7]

Alternatively, Wells Fargo says that "any foreclosure activity" Clear Recon did take is privileged under California Civil Code § 2924. But if Clear Recon's operating under the aegis of section 2924, it's not obvious. Wells Fargo's opposition says little about how this statute applies, nor does it cite a single case for support. However, the bank did reference *Kachlon v. Markowitz* in its notice of removal for the proposition that the trustee's activities are privileged "absent a showing of malice." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 339 (2008). Wells Fargo says Madrigal didn't offer an "allegation of malice."[8]

///

---

[5] *Id.*; Complaint, Dkt. 1-2, Ex. A.

[6] Notice of Removal, Dkt. 1 at 7.

[7] Wells Fargo cites its signature on a Declaration of Compliance, but doesn't say why that means all of Madrigal's claims against Clear Recon obviously fail. Dkt. 7 at 5.

[8] *Id.*

But Madrigal says Clear Recon acted in "bad-faith" and with "utter disdain," knowingly filed "false statements" in violation of California Penal Code § 115, and conducted a "sham Trustee Sale."[9] That sounds like malice. *See Perez v. Wells Fargo Bank*, 929 F. Supp. 2d 988, 1005 (N.D. Cal. 2013) (trustee's actions not privileged because false statements could show malice). Under Madrigal's telling of the story, Clear Recon isn't acting like a neutral trustee entitled to statutory protection for non-discretionary duties.

Wells Fargo says Madrigal's section 2932.5 claims fail because that provision only applies to mortgages, not deeds of trust. But, as discussed, Madrigal's allegations aren't limited to that provision. Moreover, Madrigal identifies three cases where the courts remanded similar suits and rejected similar arguments from Wells Fargo that the borrower fraudulently joined nominal parties.[10] Wells Fargo didn't even attempt to distinguish these cases. Instead, the bank cites one of the cases, *Silva v. Wells Fargo*, for language it likes, but ignores the holding: "Because Defendants have not met their burden to show that [the trustee] was a nominal defendant," the court "lacks subject matter jurisdiction over this matter, and the case must therefore be remanded." *Silva*, 2011 WL 2437514, at *6. This Court reaches the same conclusion.

## Summary

Because Clear Recon isn't a sham defendant, complete diversity is lacking and the Court doesn't have jurisdiction.[11] The action is remanded to San Diego Superior Court. Since the Court lacks jurisdiction, it denies the motion to dismiss as moot.

**IT IS SO ORDERED**.

DATED: January 31, 2017

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[9] Dkt. 1-2, Ex. A; Dkt. 4-4, Ex. 1.

[10] *See Silva v. Wells Fargo*, 2011 WL 2437514 (C.D. Cal. June 16, 2011); *Couture v. Wells Fargo*, 2011 WL 3489955 (S.D. Cal. Aug. 9, 2011); and *Perez v. Wells Fargo*, 929 F. Supp. 2d 988 (N.D. Cal. 2013).

[11] Wells Fargo also argues the Court shouldn't remand the case because Madrigal served her motion 25 days before the hearing instead of the required 28. Wells Fargo fails to articulate how three days prejudiced the bank or how it affects the Court's jurisdiction.